**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSHUA METZLER,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　**Case No. 4:24cv146-WS/MAF**

**WARDEN, Wakulla Correctional,**

    **Respondent.**

_____/

## ORDER and
## AMENDED REPORT AND RECOMMENDATION

On March 25, 2024, Petitioner Joshua Metzler, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 6, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 10. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 5.

This Court entered a Report and Recommendation in this case on August 20, 2024. ECF No. 11. Soon thereafter, the Clerk's Office docketed a letter, which had been hand-delivered to the Clerk's Office on August 19, 2024. ECF No. 12. In general, the Court can take no action on personal letters. *See* N.D. Fla. Loc. R. 7.1(A) (providing that a "motion must be made

in writing in the form required by Local Rule 5.1 and . . . Local Rule 7.1" and "[a] request for action of any kind relating to a case can never be made by a letter to a judge").  In addition, with the letter, the Clerk's Office docketed an envelope addressed to Stacey Metzler and stamped "MAILED FROM A STATE CORRECTIONAL INSTITUTION" on August 15, 2024.  ECF No. 12 at 4.  The letter itself purports to reflect Petitioner Metzler's signature; however, that signature, ECF No. 12 at 3, does not match his signature on the § 2254 habeas petition he filed, ECF No. 1 at 15.  Given all this, it is not clear Petitioner Metzler intended the letter be filed in this case.  In an abundance of caution, however, and because Petitioner did not submit a reply, this Court will consider the letter as Petitioner's reply to the Respondent's motion to dismiss.  Accordingly, this Amended Report and Recommendation includes references to the letter considered as Petitioner's reply.  The August 20, 2024, Report and Recommendation, ECF No. 11, is hereby vacated.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The

pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

Petitioner Joshua Metzler challenges his conviction and sentence from the Second Judicial Circuit, Wakulla County, Florida, following his entry of a no contest plea in case number 22-0012-CF. ECF No. 1 at 1-2; *see* Ex. B.[1] In particular, by information filed February 18, 2022, the State of Florida charged Petitioner Metzler one count of battery on a person 65 years of age or older, a third degree felony, contrary to section 784.08(2)(c), Florida Statutes. Ex. B. The charge arose from events that occurred on or about December 23, 2021, involving Petitioner and the victim, Theodore Metzler, Petitioner's father. *See* Ex. A (Arrest Report). The plea form, signed October 5, 2022, reflects that Petitioner Metzler entered an "open plea w/no agreement." Ex. C (Plea). The state court accepted the plea and filed it on October 6, 2022. *See id.* In a written judgment signed December 8, 2022, and rendered December 12, 2022, the state trial court sentenced Metzler to

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 10.

Case No. 4:24cv146-WS/MAF

three (3) years in prison, followed by two (2) years of community control. Ex. D (Judgment and Sentence). The Order of Community Control was signed and rendered December 21, 2022, nunc pro tunc December 8, 2022. Ex. D. Metzler did not take a direct appeal. *See* ECF No. 10 at 3.

On March 18, 2024, Metzler submitted for mailing a pro se motion for reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), in the state trial court. Ex. E (Motion for Reduction in Sentence); *see id*. at 12. In an order rendered March 21, 2024, the state court summarily dismissed the motion for lack of jurisdiction. Ex. F (Order).

As indicated above, on March 25, 2024, Metzler filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 6, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 10. Petitioner has not filed a reply, although the Court considers the letter described above, ECF No. 12, as Petitioner's reply to Respondent's motion.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review." *Id.* § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id*. § 2244(d)(1)(B)-(D).  The AEDPA limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, the state trial court rendered Metzler's judgment and sentence on December 12, 2022, Ex. D, and Metzler did not file a direct appeal.  Accordingly, it appears his conviction became final on **January 11, 2023**, when the time for filing a direct appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A) (providing one-year AEDPA limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Fla. R. App. P. 9.140(b)(3) (allowing thirty days to appeal from rendition of written order imposing sentence).  He had one year thereafter, or until January 11, 2024,

to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002," and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Metzler evidently did not file anything related to this case until he filed his Rule 3.800(c) motion in the state trial court on March 18, 2024. Ex. E; *see id*. at 12. By this point, however, his one-year AEDPA limitations period had expired. *See, e.g.*, Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.

A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, Metzler's § 2254 petition, filed March 25, 2024, is untimely.

Notably, even if the Court considers Metzler's state court judgment and sentence was not rendered until December 21, 2022, when the judge signed and filed the community control portion of the sentence, *see* Ex. D, Metzler's § 2254 petition is still untimely. Under this view, his judgment and sentence became final became final on **January 20, 2023**, when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Fla. R. App. P. 9.140(b)(3). He had one year thereafter, or until Monday, January 22, 2024, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet, 853 F.3d at 1218; Downs, 520 F.3d at 1318; Ferreira, 494 F.3d at 1289 n.1. He filed his Rule 3.800(c) motion in the state trial court on March 18, 2024, Ex. E; *see id*. at 12; however, by this point, his one-year AEDPA limitations period had expired. *See, e.g.*, Hutchinson, 677 F.3d at 1098; Tinker, 255 F.3d at 1335 n.4; Webster, 199 F.3d at 1259. Accordingly, even under this view, Metzler's § 2254 petition, filed March 25, 2024, is untimely.

The letter described above, considered as a reply, changes none of this analysis. *See* ECF No. 12. To the extent Metzler asserts in the letter

that his attorney "didn't tell me about appeals process or any timelines or deadlines," *id*. at 1, he may be attempting to argue entitlement to equitable tolling; however, conclusory allegations are insufficient to raise the issue of equitable tolling. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. Mere conclusory allegations are insufficient to raise the issue of equitable tolling." (citations omitted)). *See also, e.g.,* Holland v. Florida, 560 U.S. 631 (2010); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216 (11th Cir. 2017). Moreover, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations" in the AEDPA and "any such requirement of actual notice would virtually eviscerate the statute of limitations." Outler v. U.S., 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (§ 2255 proceeding); *see, e.g.*, Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (§ 2254 proceeding). *See also, e.g.*, Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining petitioner must "establish his own due diligence in ascertaining the applicable limitations period"). Finally, the relief sought in the letter, referencing the declining health of Petitioner and his wife "since all this happened," ECF No. 12 at 1, and Petitioner's desire to become a missionary, *id*. at 2, has nothing to do with the issues currently before the Court.


## Order

Accordingly, it is **ORDERED** that the Report and Recommendation entered August 20, 2024, ECF No. 11, is **VACATED**.

## Conclusion

The § 2254 petition is untimely and Petitioner Metzler has not demonstrated entitlement to any exception to the one-year AEDPA limitations period. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 10, be **GRANTED**, and Petitioner Metzler's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore,

the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 10) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 21, 2024.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.